*In re* HARRIS' ESTATE.

MORRIS *v.* KAPPEL.

1. EVIDENCE—EXPERT TESTIMONY—OPINIONS OF EXPERTS.
   Expert opinions, when properly admitted, are competent evidence.

2. WILLS—EVIDENCE—COMPETENT EXPERT TESTIMONY IMPROPERLY REJECTED.
   Competent testimony by handwriting experts that in their opinion signature to will was forgery disputed testimony of witnesses to will, raising issue of fact, and therefore trial court was in error in rejecting said expert testimony and directing judgment *non obstante veredicto* for proponent.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 7, 1932. (Docket No. 10, Calendar No. 35,698.) Decided October 3, 1932.

George Morris presented the last will of Frank R. Harris, deceased, for probate. Lauramaye Harris Kappel and another filed petition to vacate order admitting it to probate. Upon certification to the circuit court, proponent had judgment *non obstante veredicto*. Contestants appeal. Reversed, and judgment ordered entered for contestants.

*Ernest P. La Joie* and *John W. L. Hicks* (*Charles C. Stewart*, of counsel), for proponent.

*George B. Murphy* and *Frederick Miller*, for contestants.

On value and weight of expert testimony as to handwriting, see annotation in 62 L. R. A. 871; 64 L. R. A. 317; L. R. A. 1918D, 642.

McDONALD, J.  This is a contest involving the validity of the will of Frank R. Harris, deceased. The issue is whether the will was a forgery.  The case has been tried twice.  On the first trial the jury found that the will was not the will of Frank R. Harris.  From the judgment entered the proponent appealed to this court, and in 247 Mich. 690, the judgment was reversed and a new trial ordered. Mr. Hicks, an attorney, and Glen R. Young, a physician, were witnesses to the will.  They testified to its execution in the office of Mr. Hicks.  On this, the second trial, their reputation for truth and veracity was challenged by the testimony of two witnesses, Mr. Lovett and Mr. Jennings.  At the conclusion of all the proofs, the trial court on its own motion directed the jury to find a special verdict in the form of three questions submitted in writing.  The questions and answers by the jury are as follows:

"1.  Did Frank R. Harris sign this will?
"*A*.  No.
"2.  Does the testimony of Mr. Lovett establish that Mr. Hicks' reputation for truth and veracity in the community is bad?
"*A*.  No.
"3.  Does the testimony of Mr. Jennings establish that Dr. Young's reputation in the community for truth and veracity is bad?
"*A*.  No."

When these answers were returned by the jury each of the parties moved for a judgment on the verdict.  The court denied contestants' motion and entered a judgment sustaining the will *non obstante veredicto*.  The contestants have appealed.

In entering judgment for the proponent notwithstanding the verdict of the jury that the will was a forgery, the trial court gave his reasons at length,

in which he arrived at the conclusion that there was no competent evidence to dispute Hicks and Young as to the execution of the will, and that therefore there was no question of fact for the jury. He reached this conclusion by discarding the testimony of the two handwriting experts who testified that the signature to the will was a forgery. He was wrong in rejecting their testimony. It was competent. It was properly admitted and bore directly on the only question in issue. It disputed the testimony of the two witnesses, Hicks and Young, and thus made a question of fact for the jury.

In refusing to consider the opinions of handwriting experts as competent evidence, the trial court says he followed the decision of this court on the former appeal, reported in 247 Mich. 690. In that case we did not hold that such evidence was not competent. We held that it had been erroneously admitted; that therefore it could not be considered, and without it there was no question of fact for the jury. In the instant case it was properly admitted and made the issue of fact as to the genuineness of the testator's signature.

In disregarding the expert testimony the trial court fell into error by following literally an isolated statement in our opinion on the former appeal. The writer of the opinion had been discussing expert opinions which were merely conclusions of the witnesses erroneously admitted in evidence. He said they were not to be considered and concluded with the statement that,

"The opinions of experts are of no weight when contrary to sworn testimony as to facts."

Standing alone this statement is wrong. But when read in connection with all that was said on the subject, particularly with the whole paragraph

of which it is a part, it is very plain that the court referred only to expert opinions that were mere conclusions. If it was not so intended the statement would be inconsistent with the entire argument of the opinion. This court has always held that expert opinions, when properly admitted, are competent evidence, and it did not intend to lay down a different rule in the opinion on the former appeal. One who follows an isolated statement and fails to consider an opinion in its entirety is apt to get on the wrong trail. That is what happened in this case.

The contestants were entitled to a judgment on the answer by the jury to the first question submitted by the court. The proponent has not appealed.

The cause will be remanded for the entry of a judgment disallowing the will. The contestants will have costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.